12-4023-cv
Starke v. UPS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand thirteen.

PRESENT:   GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
           SUSAN L. CARNEY,
                    *Circuit Judges*.

───────────────────────────────────────────

ADAM STARKE, on his behalf individually and on behalf of all other persons similarly situated,

*Plaintiff-Appellant*,

v.                                                    No. 12-4023-cv

UNITED PARCEL SERVICE, INC., AKA UNITED PARCEL SERVICE CO., AKA UNITED PARCEL SERVICE GENERAL SERVICES CO.,

*Defendant-Appellee*,

───────────────────────────────────────────

**FOR APPELLANT:**        MARK SCHLACHET, Law Offices of Mark Schlachet, Cleveland Heights, OH.

**FOR APPELLEE:**        RUTH N. BORENSTEIN (Paul T. Friedman, Natalie Ram, *on the brief*), Morrison & Foerster LLP, San Francisco, CA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Adam Starke appeals from the district court's order dismissing his complaint pursuant to Fed. R. Civ. P. 12(b)(6). His complaint alleges, on behalf of a putative class of similarly situated individuals, claims against defendant-appellee United Parcel Service, Inc. ("UPS") for failing to deliver packages in a timely fashion in breach of the applicable shipping contract. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a district court's dismissal of a complaint for failure to state a claim. In re Air Cargo Shipping Servs. Antitrust Litig., 697 F.3d 154, 157 (2d Cir. 2012). We accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009). We look not only at the allegations in the complaint but also at any document that is integral to the complaint, and we are guided by the terms of such documents rather than a plaintiff's characterization of them. Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005). Whether a contract is ambiguous is a matter of law. Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 568 (2d Cir. 2011). Under New York law, an unambiguous written contract is enforced according to the plain meaning of its terms. Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 569 (2002).

2

The district court dismissed Starke's complaint on the ground that the contract was unambiguous and did not obligate UPS to deliver the package on time or refund Starke's payment in view of the weather conditions pled in the complaint. Starke argues that use of the phrase "disruptions in air or ground transportation networks" in the list of exclusions from the "Service Guarantee" is ambiguous because "disruptions" can be read to encompass only those events that are unforeseeable at the time the contract is formed. He relies primarily on Webster's Third New International Dictionary for this proposition, since that dictionary defines the word "disruption" as both "the act or process of disrupting" and "the state of being disrupted." 1 Webster's Third New International Dictionary Unabridged 656 (1981). Although Starke is correct that "disruption" can take either meaning, that does not introduce legal ambiguity into the contract for the simple reason that the contract can still exclude *acts* of disruption even if they took place prior to the contract's formation. Nothing in the dictionary definition provides a basis for introducing the modifier "unforeseen" or "unforeseeable" to the contract's term, "disruption."

Starke argues that, because the contract precludes liability for "special, incidental, or consequential damages . . . whether or not UPS had knowledge such damages might be incurred," there is ambiguity about whether the term "disruptions" in a separate section covers only unforeseeable events. However, as the district court correctly concluded, the language of the limitation-of-damages clause does not refer to the Service Guarantee's exclusions clause but rather serves to disclaim the default rule of contract damages traceable to Hadley v. Baxendale,(1854) 156 Eng. Rep. 145 (Ct. Exch.). Absent such language, UPS might be liable for consequential damages to the extent they were foreseeable. The most natural reading of this

3

clause is therefore that it disclaims liability for such damages but has no effect on the scope of liability generally. Nor does still another contractual provision's reference to "disruptions of any kind" support Starke's reading of the exclusions clause. Even assuming that the use of the emphatic language in one provision suggests that the use of the unmodified term "disruption" in another may be subject to some limitation – a doubtful proposition – it provides no warrant for identifying any particular limitation, let alone for adopting Starke's preferred qualification, which finds no linguistic support anywhere in the contract.

Starke characterizes the section containing the disputed term as a force majeure clause and argues that force majeure clauses can only excuse breach for unforeseeable circumstances. Neither conclusion is warranted. While the exclusions clause includes language that might also appear in a traditional force majeure clause – such as the exclusion for "acts of God" – it also includes terms that bear no relation to such clauses, such as those limiting the applicability of the Service Guarantee when no one is available at a shipment's destination to accept delivery. Moreover, even if the exclusions clause were a traditional force majeure clause, Starke's reliance on United States v. Brooks-Callaway Co., 318 U.S. 120 (1943), is misplaced because that case involved a force majeure clause that was expressly limited to "unforeseeable causes." Id. at 120 n.1.

Finally, Starke argues that the district court erred by failing to consider the terms of the contract listed on UPS's website and that those terms also render the contract ambiguous. Although we agree that the contract includes "the description of UPS services at ups.com," nothing in those additional terms suffices to render the contract ambiguous when applied to the facts Starke pled in his complaint.

4

The district court was correct to conclude that the contract is unambiguous and does not authorize Starke to recover on the facts he has pled. We therefore need not reach UPS's additional argument that Starke may not sue because he is neither a party nor an intended third-party beneficiary under the contract.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5